UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABDI OSMAN SHIRDOON,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

CASE NO. 2:26-cv-01150-GJL

ORDER GRANTING FEDERAL
HABEAS PETITION

Petitioner Abdi Osman Shirdoon, a native and citizen of Somalia, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On April 6, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention. *Id.* As his sole ground for relief, Petitioner alleges he is subject to indefinite, unlawful detention under the standards put forth in *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). *Id.* at 9.

Respondents to the Petition include Markwayne Mullin (Secretary of the U.S. Department of Homeland Security ("DHS")), Todd Lyons (Acting Director of ICE), Laura

ORDER GRANTING FEDERAL HABEAS
PETITION - 1

Hermosillo (Acting Field Office Director for ICE's Seattle Field Office), and Bruce Scott (Warden of the NWIPC) (collectively "Respondents"). *Id.* at 3. The Petition has been fully briefed. Dkts. 1, 5, 8. The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition (Dkt. 1) and **ORDERS** Petitioner's immediate release as set forth in the conclusion below.

## I.    FACTUAL BACKGROUND

Petitioner is a native and citizen of Somalia who entered the United States without authorization. Dkt. 1 at ¶ 1; Dkt. 7 at ¶¶ 3–4. In January 2025, immigration authorities encountered Petitioner and placed him in custody. Dkt. 6-2; Dkt. 7 at ¶¶ 4–5. After a brief period of detention in Arizona, Petitioner was transferred the NWIPC. Dkt. 7 at ¶ 5; Dkt. 1 at ¶ 2.

Petitioner was subsequently referred for a credible fear interview, and U.S. Citizenship and Immigration Services determined that he established a credible fear of persecution or torture. Dkt. 7 at ¶ 6. Removal proceedings were initiated, and Petitioner was served with a Notice to Appear charging him as inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Dkt. 7 at ¶ 7; Dkt. 6-3.

On September 16, 2025, an Immigration Judge ("IJ") conducted an individual hearing and issued a decision finding Petitioner inadmissible, denying asylum, and granting withholding of removal to Somalia under INA § 241(b)(3). Dkt. 6-4; Dkt. 1-2; Dkt. 7 at ¶ 8. Both parties waived appeal, and the order became administratively final. *Id.* Petitioner has remained in custody at NWIPC since that time pursuant to 8 U.S.C. § 1231. Dkt. 7 at ¶¶ 5, 8; Dkt. 1 at ¶ 2.

ORDER GRANTING FEDERAL HABEAS
PETITION - 2

Somalia was designated as the country of removal in Petitioner's proceedings. Dkt. 1 at ¶ 5; Dkt. 7 at ¶ 8. Following the grant of withholding of removal to Somalia, immigration authorities have undertaken efforts to identify a third country to which Petitioner may be removed. Dkt. 7 at ¶¶ 9–13. On multiple occasions between November 2025 and April 2026, immigration officials interviewed Petitioner regarding potential third-country options. *Id.* Petitioner consistently indicated to immigration officials that he has no ties to any other country and identified no country to which he could be removed. *Id.*; Dkt. 1 at ¶ 5.

Respondents represent that efforts to secure Petitioner's removal to a third country are ongoing. Dkt. 7 at ¶ 13. Petitioner remains detained at NWIPC pending removal although the Government has yet to identify a third country. Dkt. 7 at ¶ 5; Dkt. 1 at ¶ 2.

## II.      PROCEDURAL BACKGROUND

Petitioner initiated these proceedings on April 6, 2026, by filing a federal habeas Petition and supporting evidence. Dkt. 1; Dkt. 1-2. Respondents filed their Return on April 21, 2026, arguing the Petition and all requests for relief therein should be denied. Dkt. 5. Respondents also submit evidence in support of their arguments in the Return. Dkt. 6, 6-1–6-4, 7. On April 27, 2026, Petitioner filed a Traverse in support of his Petition.

Upon review of the parties' submissions and the governing law, the Court **GRANTS** the Petition and **ORDERS** Petitioner's immediate release as outlined below.

## III.      HABEAS STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from

ORDER GRANTING FEDERAL HABEAS
PETITION - 3

illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### IV.    DISCUSSION

In this action, Petitioner challenges the constitutionality of his detention pursuant to 8 U.S.C. § 1231, which takes effect once a final order of removal has been entered by an IJ. The first ninety-day period following the entry of a final removal order is known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). To ensure a noncitizen's presence for removal and to protect the community from dangerous noncitizens who are awaiting removal, the INA mandates detention during the removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the [DHS Secretary] **shall** detain the [noncitizen].") (emphasis added). Once a ninety-day removal period has expired, as occurred in this case, detention of unremoved noncitizens is no longer mandatory; instead, continued detention is committed to the discretion of the DHS Secretary. 8 U.S.C. § 1231(a)(6).

There is no textual limit on the DHS Secretary's discretion to detain certain noncitizens beyond the initial ninety-day removal period. However, in *Zadvydas*, the Supreme Court interpreted the INA to authorize the detention of noncitizens subject to removal orders only for a period "reasonably necessary to secure [their] removal." 533 U.S. at 699. By interpreting the INA in this way, the Supreme Court avoided a "serious constitutional threat" posed by granting the discretionary authority to order noncitizens detained for indefinite durations. *Id*.

Under *Zadvydas*, an order of detention during the first six months after entry of a final removal order is presumptively reasonable. *Id.* at 701. After the presumptively reasonable 180-

ORDER GRANTING FEDERAL HABEAS
PETITION - 4

day window has elapsed, courts apply a burden-shifting framework to determine whether a noncitizen's detention is of an indefinite duration in violation of the INA and due process. *Id.*

Within this framework, the noncitizen carries the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The "good reason to believe" standard "does not place a burden upon the detainee to demonstrate [there is] no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (cleaned up). If the noncitizen provides good reason, the burden then shifts to the government to show removal remains likely within a reasonable timeframe. *Id*. If the government fails to submit sufficient rebuttal evidence showing that removal is likely to occur within the reasonably foreseeable future, then the noncitizen is entitled to habeas corpus relief. *Id.*

Here, the parties agree Petitioner's detention has extended beyond the presumptively reasonable six-month period. Dkt. 1; Dkt. 5 at 6. Thus, the Court analyzes Petitioner's indefinite detention claim under *Zadvydas*' burden-shifting framework wherein Petitioner bears the initial burden of providing good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future.

**A.      Petitioner Provides Good Reason to Question the Likelihood of his Removal in the Reasonably Foreseeable Future**

The Court finds here that Petitioner provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. First, Petitioner has been granted withholding of removal to Somalia, the only country designated in his order of removal. Dkt. 6-4; Dkt. 1-2; Dkt. 1 at ¶ 5. Second, Petitioner has remained detained since September 16, 2025—the date of the final order of removal—without

ORDER GRANTING FEDERAL HABEAS
PETITION - 5

being removed from the United States. Dkt. 7 at ¶ 8; Dkt. 1 at ¶ 2. Third, despite continued detention, no third country has been identified that is willing to accept Petitioner, nor is there evidence that travel documents or other necessary arrangements have been secured to effectuate removal. Dkt. 7 at ¶¶ 9–13; Dkt. 1 at ¶ 5. Fourth, Petitioner has consistently represented that he has no family, citizenship, or other ties to any country aside from Somalia and is unaware of any country that would accept him. Dkt. 7 at ¶¶ 9–13; Dkt. 1 at ¶ 5.

Accordingly, the burden shifts to Respondents to rebut Petitioner's showing with evidence his removal is likely to occur in the reasonably foreseeable future.

**B.      Respondents Do Not Rebut Petitioner's Showing**

The Court finds that Respondents have not produced specific evidence demonstrating removal is likely to occur in the reasonably foreseeable future. Rather, Respondents offer generalized assertions about what may occur once a viable country for Petitioner's removal is identified. Dkt. 7 at ¶¶ 13–14.

"Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) (collecting cases). In this case, Respondents have not produced evidence showing that (1) a viable third country for Petitioner's removal has been identified, (2) what efforts (other than asking Petitioner) Respondents have taken to identify a third country, or (3) the expected timeline of third-country identification and removal once a country is identified.

Indeed, even where a target country for removal has been identified, the Government's vague assertions that removal efforts are ongoing are insufficient to rebut a noncitizen's showing. *See, e.g.*, *Jaranow v. Bondi*, No. 2:25-CV-02396-TL, 2026 WL 35864, at *4 (W.D. Wash. Jan. 6, 2026); *Kamyab v. Bondi*, No. 25-cv-389RSL, 2025 WL 2917522, at *4 (W.D.

ORDER GRANTING FEDERAL HABEAS
PETITION - 6

Wash. Oct. 14, 2025) (finding detention indefinite and granting habeas relief where "the Government has not made clear to the Court that it has submitted appropriate documentation [to effectuate removal].").

In lieu of specific evidence demonstrating removal is likely to occur in the reasonably foreseeable future, Respondents argue relief should be denied because, in their view, Petitioner has not cooperated with removal efforts. Dkt. 5 at 6. The sole evidence on which Respondent's rely is Petitioner's consistent representation that he has no third-country connections when questioned by immigration officials. Dkt. 7 at ¶¶ 9–12.

While evidence of noncooperation may preclude a noncitizen from obtaining relief from indefinite detention, Respondents' showing here is insufficient. *See Pelich v. INS*, 329 F.3d 1057, 1062 (9th Cir. 2003). Noncooperation arguments based solely on a noncitizen's inability to aid the Government in identifying an alternative country for removal are consistently rejected. *See Xin Sun v. Hernandez*, No. 2:26-CV-01013-JNW, 2026 WL 1194798, at *3 (W.D. Wash. May 1, 2026) (collecting cases).

As Respondents offer no specific evidence demonstrating the likelihood of removal and fail to demonstrate Petitioner is barred from relief on the grounds of noncooperation, they have not rebutted Petitioner's showing.

Accordingly, Petitioner's continued detention under 8 U.S.C. § 1231(a)(6) is no longer authorized by the INA as construed in *Zadvydas* and runs afoul of due process.

## V.      REMEDY

Having determined that Petitioner's continued detention is no longer authorized, the Court must determine the proper scope of habeas relief. Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution

ORDER GRANTING FEDERAL HABEAS
PETITION - 7

or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Supreme Court in *Zadvydas* considered conditional release the appropriate remedy once detention exceeds the period reasonably necessary to effectuate removal. 533 U.S. at 699–700.

Accordingly, the Court concludes that the appropriate relief for Petitioner's unlawful is an order directing Respondents to release Petitioner from immigration detention under reasonable conditions of supervision.

## VI.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition (Dkt. 1) and **ORDERS** as follows:

(1)   Respondents **SHALL** immediately release Petitioner Abdi Osman Shirdoon from custody on reasonable conditions of supervision; and

(2)   Respondents **SHALL** file a declaration with the Court within **twenty-four hours** of this Order, confirming that Petitioner has been released from immigration detention and providing the date and time of his release.

Finally, the Court will entertain post-judgment requests for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 8th day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING FEDERAL HABEAS
PETITION - 8